UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CUNNINGHAM KIMBLE, | No. 2:17-cv-1233 AC P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 10.

I. Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 6. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II. Petition for Writ of Habeas Corpus

Rule 4 of the Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that

1

the petitioner is not entitled to relief in the district court." Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates. See 28 U.S.C. § 2244(d)(1). In this case the applicable date appears to be that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). However, under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

> When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on that ground. Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001). However, "that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond." Id. at 1043; see also Day v. McDonough, 547 U.S. 198, 210, 126 S. Ct. 1675, 164 L. Ed.2d 376 (2006). For a pro se petitioner . . . , the court must make clear the grounds for dismissal and the consequences of failing to respond. Herbst, 260 F.3d at 1043 (citing Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).

Petitioner seeks to challenge his 2011 conviction on four grounds. ECF No. 1 at 5-10. After reviewing the petition for habeas corpus, it appears that the petition is untimely and that petitioner has admitted to its untimeliness. Id. at 2-4, 13-14. Although petitioner does not identify the date the California Supreme Court denied review of his direct appeal (id. at 2), the California Supreme Court's electronic docketing system[1] shows that the petition for review was denied on September 10, 2014.[2] Since petitioner did not submit a petition for writ of certiorari to the Supreme Court of the United States (id. at 3), his conviction became final at the expiration of the ninety-day period to seek certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003);

---

[1] This court may take judicial notice of the records of other courts. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] See docket for California Supreme Court Case Number S220031 at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2082757&doc_no=S220031.

2

Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Therefore, petitioner's conviction became final on December 9, 2014, and ADEPA's one-year clock began on December 10, 2014. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final). Absent tolling, petitioner had until December 9, 2015, to file a federal habeas corpus petition.

The petition states that petitioner did not file his superior court state habeas petition until March 26, 2015 (ECF No. 1 at 3), which was the 107th day of the one-year statute of limitations. There is no statutory tolling for a gap in time between the end of direct review and the beginning of state collateral review, Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007) (citing Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)). In other words, the statute of limitations was paused with 258 days left.[3] Even assuming that the statute of limitations was tolled for the entire period between the filing of petitioner's superior court habeas petition and the denial of his state supreme court petition[4] on February 17, 2016 (ECF No. 1 at 4), the instant petition was not filed until April 27, 2017 (ECF No. 1-1),[5] 435 days after the state supreme court petition was denied. Since there is no tolling between the end of state collateral review and the filing of a federal petition, Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006), the instant petition was filed well past the 258 days petitioner had remaining to file his petition.

Petitioner appears to acknowledge that his petition is untimely. ECF No. 1 at 13. He states that he requested an extension of time to file his petition in early February 2017 because he knew that he "would not be able to make the timeline, as [he] do[es] not have access to [the] law library with any consistency." Id. He further states that his access over the past year "has been

---

[3] This number does not include the day petitioner initiated his state habeas petition.

[4] Petitioner is not necessarily entitled to tolling of the period between the denial of his state habeas petition at one level and its filing in the next highest court. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citing Carey v. Saffold, 536 U.S. 214, 222-25 (2002); Evans, 546 U.S. at 192-93)). At this time, the court makes no determination as to whether petitioner is entitled to such tolling.

[5] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

3

sporadic at best" because of his "work hours and transportation logistics." Id. at 14. These statements indicate that petitioner may be attempting to claim entitlement to equitable tolling.

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted); see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),][6] gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 133 S.Ct. at 1928. To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

---

[6] In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.

4

Petitioner's current statements regarding the reasons his petition is untimely are insufficient to establish the extraordinary circumstances necessary to support equitable tolling. However, petitioner will be given an opportunity to explain to the court why his petition is not untimely. In explaining why the petition is not untimely, petitioner should remember that in determining whether he has exceeded the one-year statute of limitations, the court will look at the gap in time between the denial of his direct appeal and the filing of his initial state habeas petition, not just the time after the denial of his state supreme court petition.

In addition to the apparent untimeliness of the petition, it also appears that Ground Four is unexhausted. ECF No. 1 at 12. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus unless "there is an absence of available State corrective process" or circumstances make the process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[7] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). However, the court will not address the exhaustion issue until the timeliness of the petition has been determined. Petitioner is advised that if he does have any unexhausted claims he does not require and should not wait for an order from this court to exhaust his claims in state court and he should pursue them in state court without delay.

III.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the filing fee.

You will have thirty days to explain to the court why your petition is not too late to be considered. If you are trying to show the court that you are entitled to equitable tolling, you will need to show that you were diligent in pursuing your claims and that you were faced with

---

[7] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

5

extraordinary circumstances that made it impossible for you to file your petition within the one-year time period. If you cannot show the court that the petition is timely, the case will be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 6) is granted.

2. Within thirty days of service of this order, petitioner must show cause why the petition should not be dismissed as untimely. Failure to comply with this order will result in dismissal of the petition.

DATED: July 13, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE