UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CUNNINGHAM KIMBLE, | No. 2:17-cv-1233 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner has responded to the order to show cause why his petition, which seeks to challenge his 2011 conviction on four grounds, should not be dismissed as untimely. ECF No. 12. For the reasons set forth below, petitioner has not met his burden and it will be recommended that the petition be dismissed.

As the court previously found, even assuming that petitioner was entitled to gap tolling while he pursued his state habeas remedies, absent equitable tolling the petition was filed nearly six months after the statute of limitations had expired and petitioner appeared to acknowledge that the petition is untimely. ECF No. 11 at 3. In his response to the order to show cause, petitioner admits that the instant petition was not timely filed, but asserts that he is entitled to equitable tolling because extraordinary circumstances prevented him from timely filing and that he is actually innocent. ECF No. 12.

////

1

Petitioner argues that extraordinary circumstances existed because after the California Supreme Court denied his direct appeal on September 10, 2014, his attorney advised him that she would be unable to assist him with filing a federal habeas petition, but told him that she would be sending him his transcripts and that he had one year to file a federal petition. Id. at 1-2. However, he did not receive his transcripts from his attorney until sometime in early-November. Id. at 2.  It then took petitioner two months to review the transcripts, after which he had to put together his state habeas petition, which he did not submit until early in the first quarter of 2015.[1] Id. at 2-3.  After submitting his petition to the superior court, petitioner was transferred to a minimum support facility within the prison where he had limited access to the law library while pursuing his petition through each level of the state court. Id. at 3-4.  Once his state court remedies were exhausted, petitioner worked diligently to meet what he believed to be his deadline for filing a federal habeas petition, including requesting an extension of time to file the petition. Id. at 4.

Petitioner was previously advised that his claim that his access to the law library was "sporadic at best" due to his "work hours and transportation logistics" was insufficient to establish an entitlement to equitable tolling (ECF No. 11 at 3-5), and he has not added any additional facts that would demonstrate that his untimeliness was due to anything other than his lack of legal education and limited access to the law library.  While these circumstances are unfortunate, they are not extraordinary and do not warrant equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); Martinez v. Ryan, 133 F. App'x 382, 382-83 (9th Cir. 2005) (limited education, reliance on other prisoners to file petition, and lack of access to legal materials and assistance due to custody status do not constitute extraordinary circumstances); see also Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause to overcome procedural default).  Furthermore, although petitioner

---

[1] The petition specifies that he filed his habeas petition in state superior court on March 26, 2015. ECF No. 1 at 3.

does not provide a specific period of time that he was without his transcripts, even if the court were to assume that it took two months for him to receive the transcripts and that such a deprivation was sufficient to warrant equitable tolling, it would not be enough to make the petition timely as the court previously found that the petition was filed nearly six months too late. See ECF No. 11 at 3.

Petitioner also argues that his untimeliness should be excused because he is actually innocent. ECF No. 12 at 5-7. In giving petitioner the opportunity to show cause why his petition should not be dismissed, the court advised that in order to demonstrate an entitlement to equitable tolling based on a claim of actual innocence petitioner would be required to produce new evidence for consideration. ECF No. 11 at 4. However, petitioner fails to present such evidence and instead simply claims that such evidence exists and would have proved his innocence. ECF No. 12 at 5-7. As petitioner was previously advised, he "cannot pursue a claim for actual innocence without new evidence to offer for consideration." ECF No. 11 at 4.

Despite being advised as to the requirements for equitable tolling, petitioner has failed to demonstrate that he was subject to either extraordinary circumstances that made timely filing impossible or that he has a viable claim of actual innocence. Accordingly, for the reasons set forth in the order to show cause (ECF No. 11), it will be recommended that the petition be dismissed as untimely.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

////

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. For the reasons set forth above and in the July 13, 2017 order to show cause (ECF No. 11) the petition be dismissed as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE